**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HANNA YURIEVNA KOLUSHKO, aka Hanna Julia Hryhorehok, aka Anaid Garibyan, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-76651 <br><br> Agency No. A079-727-302 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Hanna Yurievna Kolushko, a native of the former Soviet Union and citizen

of Ukraine, petitions for review of the Board of Immigration Appeals' order

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

KN/Research

dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Kolushko's omissions from her asylum application that police beat her with a baton and kicked her during a political protest in Snyatin, and that the hospital purposefully gave her inadequate medical treatment because of her political beliefs, which caused her child to be stillborn. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (petitioner's omission of a "dramatic incident" from asylum application supported adverse credibility determination). In the absence of credible testimony, Kolushko failed to establish she is eligible for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because petitioner failed to establish a likelihood of torture in Ukraine. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED**